UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| DAVID WAYNE BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 14-279-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| RANDY INGRAM, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |
| | ) | |

*** *** *** ***

Plaintiff-Appellant David Wayne Bailey has filed a Notice of Appeal [Record No. 17] of the dismissal of his 42 U.S.C. § 1983 civil rights Complaint; a motion to proceed *in forma pauperis* on appeal [Record No. 18]; his prisoner trust fund account statement [Record No. 19]; and a motion to appoint counsel [Record No. 20]. The Court will deny the motion to proceed *in forma pauperis* and motion to appoint counsel. However, Bailey may ask the Sixth Circuit Court of Appeals to allow him to proceed *in forma pauperis* on appeal and to appoint counsel in his appellate case.

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Further, if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis*." Fed. R. App. P. 24(a)(3).

-1-

The Court screened Bailey's Complaint as required by 28 U.S.C. § 1915A. On October 24, 2014, the Court entered a Memorandum Opinion and Order [Record No. 13] dismissing Bailey's various constitutional claims. The corresponding Judgment includes a certification that an appeal would not be taken in good faith. [Record No. 15, ¶ 4]. Again, for the reasons set forth in the Memorandum Opinion and Order, the Court concludes that Bailey's appeal is not taken in good faith.[1] Having determined that an appeal would be frivolous, the Court will deny Bailey's motion to proceed *in forma pauperis* on appeal. Within thirty days of the entry of this Order, Bailey may either pay the full $505.00 filing fee in this Court, or file a motion in the Sixth Circuit Court of Appeals seeking pauper status on appeal, attaching thereto an affidavit of assets and a six-month certificate of inmate account. *See* Fed. R. App. P. 24(a)(4)-(5); *Owens v. Keeling*, 461 F.3d 763, 773–75 (6th Cir. 2006).

The Court will also deny Bailey's motion requesting the appointment of counsel. As this case is now on appeal, Bailey may file a motion seeking the appointment of counsel in the United States Court of Appeals for the Sixth Circuit. Accordingly, it is

**ORDERED** that:

1. Bailey's motion to proceed *in forma pauperis* on appeal [Record No. 18] is **DENIED**.

---

[1] The good faith standard is an objective one and it requires the presentation of a non-frivolous issue. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Ellis v. United States*, 356 U.S. 674, 674 (1958) (per curiam). A non-frivolous issue is one that "makes an arguable legal claim and is based on rational facts." *Brand v. Motley*, 526 F.3d 921, 923–24 (6th Cir. 2008) (discussing the standard for dismissing a case as frivolous under 28 U.S.C. § 1915(e)(2)(B)).

2. Bailey's motion to appoint counsel [Record No. 20] is **DENIED** without prejudice to filing a motion seeking the appointment of counsel in the United States Court of Appeals for the Sixth Circuit.

3. Within thirty (30) days of the date of entry of this Order, Bailey must either: (a) pay the $505.00 appellate filing fee, in full, in this Court; or (b) file a motion to proceed on appeal *in forma pauperis* in the United States Court of Appeals for the Sixth Circuit, accompanied by an affidavit of assets and six-month certificate of inmate account. Fed. R. App. P. 24 (a)(4)-(5).

4. If Bailey either fails to pay the entire $505.00 filing fee or submit a motion to proceed *in forma pauperis* on appeal within thirty (30) days of the date of entry of this Order, the Sixth Circuit may dismiss his appeal for failure to prosecute. *McGore v. Wrigglesworth*, 114 F.3d 601, 609–10 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

5. The Clerk of this Court shall transmit a copy of this Order to the Clerk of the United States Court of Appels for the Sixth Circuit.

This 13th day of November, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge