UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| DAVID WAYNE BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 14-279-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| RANDY INGRAM, et al. | ) | **MEMORANUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

In July 2014, Bailey filed this civil rights action in which he asserted various constitutional claims arising from his participation in a religious retreat and subsequent loss of his kitchen job at the Northpoint Training Center ("NTC").[1]  [Record No. 1; amended at Record No. 14]  He demanded monetary, declaratory and injunctive relief.  On October 24, 2014, the Court screened Bailey's original § 1983 Complaint and his numerous Amended Complaints, and dismissed all of them for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  [Record Nos. 13, 15]  Bailey appealed.

On October 28, 2015, the United States Court of Appeals for the Sixth Circuit affirmed the dismissal of Bailey's claims except his First Amendment retaliation claims

---

[1] Bailey was confined at the Northpoint Training Center in Burgin, Kentucky, when he filed this § 1983 proceeding.  He is now confined at the Green River Correctional Complex ("GRCC") in Central City, Kentucky.  Bailey originally named several NTC officials as defendants, but many have been dismissed, leaving the following four individual defendants: (1) Randy Ingram, NTC Food Production Supervisor; (2) Kevin Bugg, NTC Food Production Manager; (2) Lonnitta Tomlinson, NTC Food Production Manager/Inmate Work Scheduler; and (4) Don Bottom, NTC Warden.

- 1 -

against the four remaining NTC defendants. Those claims were remanded for further development. [*See* Record Nos. 29, 32.] The following motions are now pending for consideration: the motion to dismiss filed by Defendants Kevin Bugg, Randy Ingram, and Lonnitta Tomlinson [Record No. 46]; and Plaintiff David Bailey's *pro se* motion for summary judgment [Record No. 56] and his motion for leave to amend his Complaint [Record No. 57]. For the reasons explained below, the motion to dismiss will be granted; the motion for summary judgment will be denied; the motion for leave to amend the Complaint will be denied; and this 42 U.S.C. § 1983 civil rights action will be dismissed because Bailey failed to exhaust his administrative remedies.

I.

Defendants Bugg, Ingram, and Tomlinson (all of whom were employed in various capacities in the NTC "kitchen") have filed a motion to dismiss Bailey's retaliation claims against them. [Record No. 46] These defendants assert various arguments in support of their motion. Because it is outcome-determinative, however, the Court focuses on the defendants' argument Bailey has failed to administratively exhaust his retaliation claims against them. In his Answer to Bailey's Fourth Amended Complaint [Record No. 14], Defendant Don Bottom asserted that Bailey "has failed to exhaust his administrative remedies as required by 42 U.S.C. §1997e and/or KRS § 454.415." [Record No. 53, p. 3] Defendant Tomlinson further alleges that she has not been properly served under Rule 4 of the Federal Rules of

Civil Procedure.[2] The defendants contend that Bailey has failed to effectively counter their arguments in any substantive manner. [Record No. 48] Further, the Defendants assert that Bailey essentially admits that he did not fully and completely exhaust his First Amendment retaliation claim, and that Tomlinson has not been properly served with process.

## II.

When evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015). The Court must "construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). The Court "need not accept the plaintiff's legal conclusions or unwarranted factual inferences as true." *Id.* at 336.

## III.

Because Bailey failed to exhaust his claims pursuant to the Kentucky Department of Correction's ("KDOC") administrative process, his claims against the remaining defendants

---

[2] In response to the Defendants' argument that Tomlinson has not been properly served, Bailey proposes that this Court ask Tomlinson's mother, a "nurse at NTC," where Tomlinson can be located for service of process.

- 3 -

must be dismissed. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion is mandatory, *see Jones v. Bock*, 549 U.S. 199, 211 (2007), and applies to any claim that arises out of any aspect of prison life, whether it involves general circumstances or particular episodes, and whether it alleges excessive force or some other wrong. *See Booth v. Churner*, 532 U.S. 731, 741 (2001); *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

In *Woodford v. Ngo*, 548 U.S. 81, 90 (2006), the Supreme Court explained that exhaustion of administrative remedies must be done "properly," which means going through all steps that the agency holds out, obeying all directions, and adhering to all deadlines set by the administrative rules. Exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner believes the procedure to be ineffectual or futile. *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011).

Although inmates are not required to specially plead or demonstrate exhaustion in their complaints, *Jones*, 549 U.S. at 216, Bailey affirmatively raised the issue in his Complaint, claiming that he had complied with the grievance process. That being the case, the defendants have properly asserted the defense of failure to exhaust in their motion to dismiss. *See Anderson v. Jutzy*, No. 15-11727, 2016 WL 1211747, at *3 (E. D. Mich. Mar. 29, 2016) ("In the rare case in which the plaintiff includes allegations in his complaint that permit adjudication of an exhaustion defense, a defendant may resort to a motion to dismiss

- 4 -

under Rule 12(b)(6)). *See also Rembisz v. Lew*, 590 F. App'x 501, 504 (6th Cir. 2014) (acknowledging that the exhaustion defense may be "susceptible to resolution on a motion to dismiss if a plaintiff affirmatively pleads himself out of court"); *Mann v. United States*, No. 14-13439, 2016 WL 344559 (E.D. Mich. Jan. 27, 2016) (construing the motion to dismiss or, alternatively, for summary judgment, in which the defendants argued that the plaintiff had failed to administratively exhaust his *Bivens* claims, as an un-enumerated motion under Fed. R. Civ. P. 12(b), and recommending the dismissal) (Report and Recommendation adopted at *Mann v. United States*, No. 14-13439, 2016 WL 1253267, at *1 (E.D. Mich. Mar. 31, 2016).[3]

The KDOC's administrative regulations, known as Corrections Policies and Procedures ("CPP"), contain the grievance procedures for KDOC prisoners. *See* K.R.S. § 454.415(1); 501 K.A.R. 6:020. Specifically, CPP § 14.6, "Inmate Grievance Procedure," (effective Aug. 5, 2016) identifies the four precise administrative steps which KDOC inmates must follow to exhaust their claims prior to filing suit. *See* http://corrections.ky.gov/communityinfo/Policies%20and%20Procedures/Documents/CH14/ CPP%2014-6%20Grievances%20-%20Eff%208-5-16.pdf, at pp. 7-14 (last visited on November 2, 2016).

---

[3] A number of courts have characterized a request to dismiss for failure to exhaust administrative remedies as subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment. *See, e.g., Neal v. Raddatz*, No. 09-13169, 2012 WL 488827, at *2 (E.D. Mich. Jan. 12, 2012) (quoting *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003)).

Pursuant to CPP 14.6, a KDOC inmate must file a written grievance and seek an Informal Resolution. *See id.*, § II (J)(1)-(4), ("Step 1").[4] If not satisfied at that level, the inmate must submit a written request to the Grievance Committee requesting a hearing to consider his grievance. *See id.*, § II (J)(2) ("Step 2"). If not satisfied with the Grievance Committee's disposition, the inmate must then appeal to the Warden. *See id.*, § II (J)(3) ("Step 3"). Finally, if dissatisfied with the Warden's decision, the inmate must file an appeal to the Commissioner of the KDOC. *See id.*, § II (J)(4) ("Step 4"). Time frames for appeals and responses are established within the regulation.

As a KDOC prisoner, Bailey was required to have pursued and completed all four steps of the KDOC's administrative remedy process before filing this § 1983 action. The Defendants acknowledge that Bailey pursued the first three steps of the grievance process, [*see* Record No. 46, p. 4] but they contend that Bailey did not pursue or complete the fourth and final step necessary to exhaust his administrative remedies, which was submitting an appeal to the KDOC Commissioner. [*Id.*]

Bailey alleges in his response that he "made reasonably [sic] attempts to file and prosecute a grievance; similar in nature grievance said to be attached to informal resolution found not grievable, not attached." [Record No. 47, p. 1] But as the Defendants correctly note, Bailey does not state that he completed the grievance process as to any of his claims by submitting a final appeal to the KDOC Commissioner and receiving the Commissioner's

---

[4] Grievances concerning heath care claims must be pursued through the steps set forth in CPP 14.6, § II (K)(1)-(3).

- 6 -

response. In his original Complaint [Record No. 1] and his Fourth Amended Complaint [Record No. 14], Bailey listed the steps he took to exhaust his claims:

**EXHAUSTION OF ADMINISTRATIVE REMEDIE(S)**

1. Plaintiff Bailey did file Grievance regarding these Fact(s) under Kentucky Department of Correction's CPP 14.6, and filed an Appeal of a Disciplinary Decision to Warden under CPP 15.6.

2. On April 20th 2014 Plaintiff Bailey did file Grievance under CPP 14.6 against the Matter of job Assignment.

3. On April 22nd Plaintiff's Grievance was **DISMISSED**.

4. On June 23rd 2014 Plaintiff's Appeal was **DENIED**.

[Record No. 1, p. 5; Record No. 14, p. 8]

Bailey's argument, broadly construed, appears to be that his substantial compliance with the KDOC administrative remedy process was sufficient. As discussed above, however, a prisoner must strictly comply with an institution's administrative remedy process. *Woodford*, 548 U.S. at 90. Here, the record reflects that Bailey ignored the final step of CPP § 14.6 and instead prematurely filed suit on his § 1983 claims.

Further, Bailey's vague insinuation that his First Amendment retaliation claim is "non-grievable" lacks merit. Section 14.6 §(C)(1)-(10) lists the subjects that are not grievable within a KDOC prison facility; claims of First Amendment retaliation against prison staff members are not included in that ten-item list. *See* CPP § (C) (1)-(10), p. 2. Bailey's assertion that it would have been futile for him to fully exhaust his claims is not persuasive. The Sixth Circuit has held that "an inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or

that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). *See Booth*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

Based on Bailey's description of his exhaustion efforts in his original Complaint and in his Fourth Amended Complaint, and his *de facto* admission in his Response [Record No. 47] that he did not comply with the final step of the applicable administrative process by submitting an appeal to the KDOC Commissioner, Bailey's First Amendment retaliation claims against Defendants Bugg, Ingram, Tomlinson,[5] and Bottom[6] will be dismissed for failure to exhaust.[7]

## IV.

Bailey has filed a two-page motion for summary judgment [Record No. 56], in which he broadly seeks relief on his retaliation claims in the form of money damages. Bailey's allegations are confined to the first page of the submission; the second page of the

---

[5] Dismissal of Bailey's claims against Tomlinson is also appropriate based on lack of service. *See* Fed. R. Civ. P. 12(b)(5). In a § 1983 action, it is the inmate's responsibility to provide the proper addresses of the defendants for service of process. *See Fitts v. Sicker*, 232 F. App'x 436, 443 (6th Cir. 2007)

[6] Although Bottom did not join in the motion to dismiss, he raised failure to exhaust as an affirmative defense in his Answer to Bailey's Fourth Amended Complaint. [Record No. 53] Further, Bailey was put on notice of the exhaustion argument by the other defendants' motion to dismiss. *See Brown v. University of Kentucky Comprehensive Assessment & Training Services*, No. 12-CV-123-KSF, 2013 WL 990423, at *8 (E.D. Ky. Mar. 13, 2013).

[7] A dismissal for failure to exhaust non-judicial remedies under the PLRA is without prejudice. *Boyd v. Corrections Corp. of America*, 380 F.3d 989, 994 (6th Cir. 2006) (citing *Knuckles El v. Toombs*, 215 F.3d 640 (6th Cir. 2000)); *McCloy v. Corr. Med. Servs.*, 794 F.Supp.2d 743, 751 (E.D. Mich. 2011).

submission consists solely of Bailey's certificate of service on the Defendants. The Defendants argue that Bailey is not entitled to summary judgment, having submitted no arguments or evidence in support of his motion.

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A district court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995).

Here, Bailey has not carried his burden of showing the absence of any genuine issue. On the contrary, his sparse, bare-bones motion for summary judgment is one in label only; it contains no substantive grounds which would warrant summary judgment in his favor. As the defendants correctly assert in their Response [Record No. 58], Bailey's motion contains no sworn evidence, no discussion of the facts, and no reference to any of the defendants.

Bailey does nothing more than broadly allege that summary judgment should be entered in his favor, and that he is entitled to monetary relief on his claims. Bailey's motion for summary judgment, therefore, will be denied.

## V.

On September 22, 2016, Bailey filed a motion for leave to amend his Complaint. [Record No. 57] The motion for leave to amend is difficult to read and comprehend, but based upon the exhibits attached to the motion, it appears that Bailey wishes to amend his original Complaint to assert claims concerning his special diet at the Green River Correctional Complex ("GRCC"), claiming that the GRCC food service staff has failed to comply with this specific dietary demands. A response from the defendants is not necessary because the claims which Bailey raises do not concern the alleged events at the NTC in May 2014, *see* Fed. R. Civ. P. 15(c), and are not alleged to have occurred within this Court's territorial jurisdiction. *See* 28 U.S.C. § 1391(b). Bailey's motion for leave to amend his Complaint [Record No. 57] will be denied.

## VI.

Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

(1) The Motion to Dismiss filed by Defendants Bugg, Ingram, and Tomlinson [Record No. 46] is **GRANTED**.

(2) Plaintiff David Wayne Bailey's First Amendment retaliation claims asserted under 42 U.S.C. § 1983 against Defendants Bugg, Ingram, Tomlinson, and NTC Warden Bottom are **DISMISSED**.

  (3)  Bailey's Motion for Summary Judgment [Record No. 56] is **DENIED**.

  (4)  Bailey's Motion to Amend Complaint [Record No. 57] is **DENIED**.

  (5)  This action is **DISMISSED**, without prejudice, and **STRICKEN** from the Court's docket.

This 4th day of November, 2016.

Signed By:
*Danny C. Reeves*   DCR
United States District Judge