UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 5:14-CV-279-CHB-EBA

DAVID WAYNE BAILEY,                                                                                          PLAINTIFF,

V.                                            **RECOMMENDED DISPOSITION**

RANDY INGRAM, *et al.*,                                                                                    DEFENDANT.

## INTRODUCTION

Bailey filed this civil rights action in July 2014. [R. 1]. Since that time, the matter has been dismissed by the Court and returned by the Sixth Circuit twice. [R. 13; R. 15; R. 29; R. 59; R. 60; R. 68; R. 69]. The matter is currently before the undersigned for the preparation of a Report and Recommendation on the pending motions for summary judgment, which were submitted by the three (3) remaining defendants, Kevin Bug, Randy Ingram, and Don Bottom, in their individual capacities. [R. 76; R. 84; R. 85]. Following the submission of these motions, the undersigned directed Bailey to submit a response. [R. 86]. Because no response was submitted, the matter is considered ripe for review. *See* L.R. 7.1(c). Having considered the matter fully, and being duly and sufficiently advised, the undersigned recommends that the defendant's Motions for Summary Judgment, [R. 84; R. 85], be granted and that this matter be dismissed with prejudice and stricken from the Court's active docket.

## FACTUAL BACKGROUND

Bailey is a *pro se* Kentucky prisoner who seeks relief under 43 U.S.C. § 1983. [R. 1]. His sole remaining claim is that his First Amendment rights were violated when he was terminated from a kitchen job following his participation in a religious retreat. [R. 68].

The basic facts of the case pertaining to this remaining claim are not disputed:

For a period of his incarceration at the Northpoint Training Center, Bailey was employed as a member of the kitchen staff. [R. 14]. On Friday, May 9, 2014, he requested time off to attend a religious retreat, which was scheduled to occur from Friday, May 16 to Sunday, May 18. [*See id.* at 3–4 ¶ 3]. Bailey was told that he could attend the retreat, so long as he found someone to cover his shifts. [*Id.*]. Bailey attended the retreat on Friday, May 16, and someone covered his shift. [R. 29 at 1]. He was then requested to return to work on Saturday, May 17. [R. 14 at 4 ¶ 4; *id.* at ¶ 5]. Bailey, however, did not return to work until Tuesday, May 20, two days after the retreat had ended. [*Id.* at 5 ¶ 6]. He lost his job. [*Id.*].

Bailey's remaining 42 U.S.C. § 1983 claim is based on the First Amendment theory of retaliation, which requires three elements to be present:

> A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). The defendants have moved for summary judgment, arguing that none of these requirements are satisfied. [R. 84; R. 85]. Although Bailey was directed to submit a response, [R. 86], none was submitted.

## SUMMARY JUDGMENT STANDARD

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* In making the determination as to whether summary judgment is warranted, "a court must view the evidence 'in

the light most favorable to the opposing party.'" *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). But there is "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* As such, in some cases, the moving party may be "'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* (quoting Fed. R. Civ. P. 56). Indeed, Fed. R. Civ. P. 56(e)(3) provides that if a party fails to properly "address another party's assertion of fact as required," the Court may "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." *See also* L. R. 7.1(c) (providing that a failure to respond to a motion "may be grounds for granting the motion").

It is within the Court's power to grant summary judgment to a moving party on the sole basis that the non-moving party failed to respond. *Byrd v. Brandeburg*, 922 F. Supp. 60, 62 (1996) (citing *Kennedy v. City of Detroit*, 1994 WL 198159 (6th Cir. 1994)). Indeed, "[t]here is no authority in this Circuit for the proposition that a district court must advise a *pro se* prisoner of his right to file counter-affidavits or other responsive material or that he must be alerted to the fact that his failure to so respond with such material might result in entry of summary judgment against him." *Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992). It is standard practice that, where a non-moving party fails to respond to a moving party's motion, "the Court may accept the truth of [the movant's] factual allegations, and determine whether [the movant is] entitled to summary judgment" on the basis of those accepted facts. *See Sheils v. Jordan*, 841 F. Supp. 2d 727, 729

(S.D.N.Y. 2012). "In this context, 'the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact.'" *Byrd*, 922 F. Supp. at 62 (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989) (citing *Frito–Lay Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988)).

"Where the record [] could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.* (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In such a case, summary judgment is warranted. *Alabama v. North Carolina*, 560 U.S. 330, 344 (2010); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## ANALYSIS

Bailey's remaining 42 U.S.C. § 1983 retaliation claim requires (1) protected conduct; (2) an adverse action by the defendants against Bailey that would deter an ordinary person from continuing to engage in the protected conduct; and (3) a causal connection between Bailey's protected conduct and the defendants' alleged adverse action. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). All three elements must be present for the retaliation claim to succeed. *Id.* As a *pro se* plaintiff, Bailey's pleadings must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, the Sixth Circuit noted that Bailey's remaining retaliation claim based on *Thaddeus-X* could be liberally construed "to allege that: (1) he participated in the religious retreat; (2) he was charged with misconduct and fired from his kitchen job; and (3) those adverse actions were motivated at least in part by his participation in the religious retreat." [R. 29 at 3–4].

The defendants' motions for summary judgment, [R. 84; R. 85], argue, however, that (1) Bailey's attendance at the religious retreat was not constitutionally protected conduct; (2) even

assuming that Bailey's attendance at the religious retreat was protected conduct, the termination of Bailey from his prison job does not constitute adverse action within the meaning of *Thaddeus-X*; and (3) even assuming Bailey's attendance at the religious retreat was protected conduct, and that the termination of Bailey from his prison job could constitute adverse action within the meaning of *Thaddeus-X*, there is no causal connection between the two sufficient to sustain Bailey's claim of retaliation. [R. 84; R. 85]. Bailey declined to refute the defendants' claims through the submission of a response or any other filing to the pending motions for summary judgment.

Pursuant to Fed. R. Civ. P. 56(e)(3), if a nonmoving party fails to respond to the moving parties' motions for summary judgment, the Court may "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Further, "the Court may accept the truth of [the movant's] factual allegations, and determine whether [the movant is] entitled to summary judgment" on the basis of those accepted facts. *See Sheils v. Jordan*, 841 F. Supp. 2d 727, 729 (S.D.N.Y. 2012). Here, Bailey has declined to refute the defendants' factual allegations and conclusions of law, and "[i]t is within this Court's power to grant the [defendants'] motion on that ground alone." *Byrd v. Brandeburg*, 922 F. Supp. 60, 62 (1996) (citing *Kennedy v. City of Detroit*, 1994 WL 198159 (6th Cir.1994)). The undersigned, however, also finds that an examination of the pleadings and the defendants' motions demonstrate that the defendants' are entitled to summary judgment on the merits.

Although prisoners do not lose their First Amendment rights upon incarceration, *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987), "the circumstances of prison life may require some restriction on prisoner's exercise of their religious beliefs," *Walker v. Mintzes*, 771 F.2d 920, 929 (6th Cir. 1985). Prison officials are not required to provide inmates with the best possible means

to exercise their religious beliefs, *O'Lone*, 482 U.S. at 348, as "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285 (1948). Thus, so long as a restriction of an inmate's exercise of religion is reasonable, it is valid. *O'Lone*, 482 U.S. at 349 ("We recently restated the proper standard: '[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.'") (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). To determine whether a restriction is reasonable, the Court "must balance the prisoners' constitutionally protected interest in the free exercise of their religious believes against the state's legitimate interests in operating its prisons." *Walker*, 771 F.2d at 929.

*O'Lone* provides three factors to consider in this context. "First, a regulation must have a logical connection to legitimate governmental interests invoked to justify it." *O'Lone*, 482 U.S. at 350. Here, the requirement that Bailey show up for work, should he be unable to find another inmate to cover his shift, is "justified by concerns of institutional order and security," both of which are promoted by ensuring compliance with general work orders. *Id.* Thus, "it cannot seriously be maintained that 'the logical connection between the regulation and the asserted goal is so remote as to render the policy arbitrary or irrational.'" *Id.* at 351 (quoting *Turner*, 482 U.S. at 89–90). Second, "[r]ehabilitative concerns further suppor[t] the policy." *Id.* "One of the things that society demands or expects is that when you have a job, you show up on time, you put in your eight hours, or whatever hours you are supposed to put in, and you don't get off." *Id.* Finally, the requirement that Bailey show up for work did not interfere with the requirement that "there are alternative means of exercising the right" that remained available to him, which Bailey does not dispute. *Turner*, 482 U.S. at 90; *O'Lone*, 482 U.S. at 351. Indeed, "[w]here 'other avenues' remain

available for the exercise of the asserted right, courts should be particularly conscious of the 'measure of judicial deference owed to corrections officials . . . in gauging the validity of the regulation.'" *Turner*, 482 U.S. at 90 (quoting *Jones v. N.C. Prisoners' Union*, 433 U.S. 119, 13 (1977); *Pell v. Procunier*, 417 U.S. 817, 827 (1974)).

Even assuming Bailey's attendance at the religious retreat was protected conduct, however, the removal of a prisoner from their prison job has generally been found inconsistent with the adverse action requirement of *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). *See Jewell v. Leroux*, 20 F. App'x. 375 (6th Cir. 2001) (termination from a prison job was not adverse action sufficient for a retaliation claim); *Davis v. Walton*, 2014 WL 320206 (W.D. Mich. Jan. 29, 2014) (decision not to hire a prisoner was not adverse action sufficient for a retaliation claim); *Colvin v. Foy*, 2014 WL 1154658 (W.D. Mich. Mar. 21, 2014) (same); *Cohron v. City of Louisville*, 2010 WL 1049975 (W.D. Ky. Mar. 19, 2010) (removal from work list at a prison job was not adverse action sufficient for a retaliation claim); *Umani v. Caruso*, 2008 WL 2216283 (E.D. Mich. May, 27, 2008) (granting summary judgment to the defendants where retaliation was alleged and finding "loss of a job would not deter a person of ordinary firmness from continuing to file grievances"). This is because "[p]rison employment is not employment in the ordinary sense, but represents a part of the rehabilitation program of the prison." *Davis*, 2014 WL 320206 at *8; *see also O'Lone*, 482 U.S. at 350.

Retaliation against a prisoner for the exercise of his or her rights is unconstitutional. *Pell*, 417 U.S. at 822; *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). The burden falls on the plaintiff, however, to prove the required elements of the claim. *Murray v. Evert*, 84 F. App'x. 553, 556 (6th Cir. 2003); *Green v. Tudor*, 685 F. Supp. 2d 678, 692 (W.D. Mich. 2010). Further, the plaintiff must show that the exercise of the protected right was a substantial factor in motivating

the defendant's alleged retaliation. *Mount Healthy City Sch. Dist. Bd. Of Educ. V. Doyle*, 429 U.S. 274, 287 (1977); *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). Bailey, however, presents nothing to dispute the defendants'. Finding the facts undisputed, *Sheils v. Jordan*, 841 F. Supp. 2d 727, 729 (S.D.N.Y. 2012), and finding the requirement that plaintiff attend his prison job reasonable, *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348–51 (1987), leads to the conclusion that there is a lack of evidence to create a question of fact regarding Bailey's retaliation claim sufficient to defeat the defendants' motions for summary judgment. *Sutherland v. Mich. Dept. of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003) ("[T]he existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving party.") (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). Thus, the defendants' Motions for Summary Judgment, [R. 84; R. 85], should be granted.

## CONCLUSION

For all the foregoing reasons, **IT IS RECOMMENDED** that the defendants' Motions for Summary Judgment, [R. 84; R. 85], be **GRANTED** and that this matter be **DISMISSED** and **STRICKEN** from the Court's active docket.

Particularized objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service of the same or further appeal is waived. 18 U.S.C. § 636(b)(1); *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Bituminous Cas. Corp. v. Combs Contracting Inc.*, 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). Generalized objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th

Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

This the 26th day of July, 2018.



Signed By:
*Edward B. Atkins* *EBA*
United States Magistrate Judge